# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARON BRICE | : | |
| #64258-004 | | |
| | : | |
|    Petitioner | | |
| | : | |
|    v. | | Civil Action No: PJM-07-991 |
| | : | |
| UNITED STATES ATTORNEY | | |
| GENERAL, DEP'T OF JUSTICE | : | |
| | | |
|    and | : | |
| | | |
| DIRECTOR, BUREAU OF PRISONS | : | |
|    Respondents | | |

o0o

**MEMORANDUM OPINION**

Before the Court is pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Jaron Brice, an inmate at the Federal Correctional Institution in Cumberland, Maryland, challenging his conviction and sentence in the United States District Court for the District of Columbia. The petition will be construed under 28 U.S.C. §2255, and dismissed without prejudice.

Brice challenges his conviction and sentence for sex trafficking of children in violation of 18 U.S.C. §1591, coercion or enticement of a minor female, in violation of 18 U.S.C. § 2423(a), unlawful transport of firearms, in violation of 18 U.S.C. §922(g)(9), and related offenses. See United States v. Brice, Criminal Action No. 05-367 (D.C. D.C). Petitioner claims *inter alia* double jeopardy violations, insufficient evidence, improper application of the Sentencing Guidelines, and improper jurisdiction.

The threshold question presented here is whether Brice has properly raised his claims in a § 2241 petition, or whether the claims are more appropriately construed under 28 U.S.C. §2255 in a Motion to Vacate, Set Aside or Correct. A § 2241 petition attacks the manner in which a sentence

is executed, and is filed in the judicial district where the prisoner is in custody. *See* 28 U.S.C. §2241(a); *see also In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). In contrast, a §2255 motion challenges the validity of the underlying conviction or sentence, and is filed in the court where the prisoner was sentenced. *See* 28 U.S.C. §2255; *see also In re Jones*, 226 F.3d at 332.[1]

The Petition clearly challenges the validity of Brice's conviction and sentence, and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Consequently, this Court is without jurisdiction to consider the Petition. Brice must file for habeas relief in the United States District Court for the District of Columbia. The Court will dismiss the Petition without prejudice by separate Order.

/s/
PETER J. MESSITTE
April 23, 2007                                  UNITED STATES DISTRICT JUDGE

---

[1] Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. Brice does not allege §2255 is inadequate or ineffective.